IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH and SHELLEY RUFF, as husband and )
wife and as parents and natural guardians of )
K.R., a minor, )
                                                            )
        Plaintiffs, )
                                                            )
  -vs- )
                                                             ) Civil Action No. 05-361
                                                             )
MOUNT PLEASANT AREA SCHOOL DISTRICT, )
et al., )
                                                            )
        Defendants. )

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION

Defendants Mrs. B.J. and her minor son K.J. have filed a Motion to Dismiss (Docket No. 15) the negligence claims asserted against them in the above-captioned matter. For the reasons set forth below, the Motion is denied.

Briefly, Plaintiffs K.R. and her Parents ("the Ruffs") contend that K.J. was negligent in harassing K.R., in failing to stop the harassment when asked and in making the school a hostile environment. K.J. contends that under Pennsylvania law, he is entitled to a presumption that he is incapable of negligence, see Cureton v. Philadelphia School Dist., 798 A.2d 279, 286 (Pa. Commw. 2002) (stating that "minors between the ages of seven and fourteen years are presumed incapable of

1

negligence, but such presumption is rebuttable and grows weaker with each year until the fourteenth year is reached.") (citations omitted) and that, because the Complaint is devoid of any facts suggesting that this presumption has been rebutted, the claims must be dismissed. I disagree. Whether a presumption has been rebutted necessarily involves consideration of the facts as they have developed in discovery. Indeed, the Cureton decision, upon which K.J. relies, involved the evaluation of the presumption in light of evidence introduced at trial. Here, the parties have yet to engage in discovery. As such, the argument raised by K.J. is premature. The Complaint satisfies the liberal notice pleading standard set by the Federal Rules of Civil Procedure. The Motion to Dismiss is denied in this regard.

The argument raised by Mrs. B.J. suffers from the same malady. Mrs. B.J. cites to § 316 of the Restatement (Second) of Torts for the proposition that a parent's duty to control the conduct of her child is limited to instances in which the parent: (1) has the ability to control the child; (2) knows of its necessity; and (3) has the opportunity to do so. She contends that the Complaint is devoid of any facts suggesting that she either had the ability to control K.J.'s behavior while he was at school or knew that such control was required.

Again, Mrs. B.J. misunderstands the nature of federal pleading requirements. "Generally, in federal civil cases, a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim." Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001), citing, Fed. R. Civ. P. 8; Remick v.

Manfredy, 238 F.3d 248, 264 (3d Cir.2001); and Foulk v. Donjon Marine Co., 144 F.3d 252 (3d Cir.1998). Indeed, as the Supreme Court observed in Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957):

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

(citations omitted). Whether or not Mrs. B.J. had ability to control K.J.'s behavior, knew of its necessity or had the opportunity to do so will be borne out by the facts revealed through the discovery process. At this juncture, however, the argument is premature. The Motion to Dismiss is denied.

BY THE COURT:

S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

DATE: August 19th, 2005

3