IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH and SHELLEY RUFF, as husband and wife and as parents and natural guardians of K.R., a minor, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  05-361 |
| | ) |
| MOUNT PLEASANT AREA SCHOOL DISTRICT, et al., | ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
# ORDER OF COURT

### SYNOPSIS

A minor Plaintiff and her parents have sued the minor's former school teacher, certain of her classmates and the school district for injuries resulting from peer sexual harassment.  The teacher and the school district have filed a Motion to Dismiss, insisting that claims of negligence, intentional infliction of emotional distress and a violation of Title IX are fatally flawed.  For the reasons set forth below, the Motion is granted as to the claims of negligence, and denied in all other respects.

1

Minor Plaintiff K. R., a female, was enrolled as a second-grader at Norvelt Elementary School in the Defendant Mount Pleasant Area School District ("the School District") during the 2003-2004 school year.  Her teacher at the time was Defendant Charlene Ciuffoletti ("Ciuffoletti").  K. R. and her parents, Plaintiffs Keith and Shelly Ruff ("the Ruffs") allege in their Complaint that numerous classmates sexually harassed K. R. repeatedly, and that Ciuffoletti knew of such behavior and failed to take any responsive action.  K. R. and the Ruffs have filed suit against Ciuffoletti, the School District, her harassers and their parents.  The action was removed from the Court of Common Pleas of Westmoreland County, Pennsylvania to this Court on the basis of federal question jurisdiction.

As against Ciuffoletti, K. R. and the Ruffs have each filed a claim of negligence and a claim of intentional infliction of emotional distress (Counts I, II, III and IV).  As against the School District, K. R. has asserted a claim for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) et seq.  Ciuffoletti and the School District have filed a Motion to Dismiss these claims. See Docket No. 2.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957).

In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46.  Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

### I. COUNTS I AND II - NEGLIGENCE

In Counts I and II, the Plaintiffs assert identical claims against Ciuffoletti for negligence.[1]  K. R. and the Ruffs allege that Ciuffoletti was negligent in failing to prevent the students from harassing K. R., in failing to notify the principal of the students' actions, and in failing to discipline the students. See Complaint, ¶¶ 34, 37.

Ciuffoletti claims that she is immune from liability under the Pennsylvania

---

[1] Count I is asserted by K. R. and Count II by the Ruffs.

Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. Ann. §8541 et seq.

Section 8542 of the PSTCA grants local agencies immunity from suit for any negligent

conduct engaged in by its employees provided that such conduct does not fall

within a few limited exceptions. 42 Pa. Cons. Stat. Ann. § 8542.  Here, all agree that

the conduct attributed to Ciuffoletti does not fall within those exceptions.  Section

8545 of the PSTCA extends the grant of immunity under § 8542 to agency

employees.  Specifically, § 8545 provides:

> [a]n employee of a local agency is liable for civil damages
> on account of any injury to a person or property caused
> by acts of the employee which are within the scope of his
> office or duties only to the same extent as his employing
> local agency and subject to the limitations imposed by this
> subchapter.

42 Pa. Cons. Stat. Ann. § 8545.   As stated above, the School District cannot be liable

for Ciuffoletti's negligence under § 8542, ergo, Ciuffoletti cannot be liable under §

8545.

While K. R. and the Ruffs concede that, ordinarily, Ciuffoletti would be

immune under § 8545 (see Docket No. 5, p. 4), they insist that this case is subject to

a "limitation" as contemplated by § 8545.  Specifically, § 8550 of the PSTCA provides:

> [i]n any action against a local agency or employee thereof
> for damages on account of an injury caused by the act of
> the employee in which it is judicially determined that the
> act of the employee caused the injury and that such act
> constituted a crime, actual fraud, actual malice or willful
> misconduct, the provision of sections 8545 ... shall not
> apply.

42 Pa. Cons. Stat. Ann. § 8550 (emphasis added).  K. R. and the Ruffs contend that

Ciuffoletti's actions "can clearly be deemed to be willful misconduct." See Docket No.

5, p. 4.  As such, they reason, she is not entitled to immunity.

I disagree.  "Willful" has the same meaning as an intentional tort. See Brown v. Muhlenberg Twp., 269 F.3d 205 (3d Cir. 2001) and Gremo v. Karlin, 363 F. Supp.2d 771, 794 (E.D. Pa. 2005).  Here, K. R. and the Ruffs have charged Ciuffoletti with having acted negligently, not intentionally.  An allegation of negligence "contradicts the willful misconduct required to defeat the state's grant of immunity to its officials or subdivision." Dashner v. Riedy, Civ. No. 99-2124, 2004 WL 203193 at * 8 (E.D. Pa. Jan. 28, 2004) (entering judgment in favor of the defendant police officer on a claim of negligent infliction of emotional distress, finding that such conduct cannot fall within the exception to immunity under § 8550 for willful misconduct).  Indeed, "[if] Plaintiffs were successful in proving their *prima facie* case of [negligence], they would also necessarily prove that defendants acted negligently, and not willfully or intentionally." Dashner, 2004 WL 203193 at * 8.  Consequently, by proving their *prima facie* case of negligence under Counts I and II, K. R. and the Ruffs would also establish Ciuffoletti's immunity defense under § 8550.

Therefore, Ciuffoletti is immune from liability for the claims of negligence asserted in Counts I and II.  Those claims are hereby dismissed. See Schupp v. Port Authority of Allegheny County, 710 A.2d 1235 (Pa. Commw. 1998) (dismissing negligence claims asserted against an employee as barred by governmental immunity).

## II. COUNTS III AND IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Counts III and IV, K. R. and the Ruffs allege that Ciuffoletti failed to provide

5

a safe environment for K. R. and that she knew or should have known that such failure would cause K. R. to suffer emotional injuries.  K. R. and the Ruffs further allege that Ciuffoletti's actions in this regard constitute willful misconduct. Ciuffoletti moves to dismiss these claims, alleging that an intentional infliction of emotional distress claim cannot be based upon sexual harassment and cannot be based upon a failure to act.

While I recognize that some case law supports Ciuffoletti's position, I find the decisions are distinguishable.  The cases were decided in the context of employment relationships.  <u>See</u> <u>Hoy v. Angelone</u>, 554 Pa. 134, 720 A.2d 745, 754 (1998). <u>See</u> <u>also</u> <u>Capriotti v. Chivukula</u>, Civ. No. 4-2754, 2005 WL 83253 at * 3 (E.D. Pa. Jan. 14, 2005) (dismissing a claim of intentional infliction of emotional distress based upon sexual harassment, stating that "[s]exual harassment alone does not generally rise to the level of outrageousness necessary to constitute intentional infliction of emotional distress.").  Those courts noted that something beyond allegations of sexual harassment, such as retaliation, was required in order to assert a viable claim for intentional infliction of emotional distress.

I think that the duty a teacher or other school official has to a student in his or her care is sufficiently different from the duty an employer has to an employee to depart from the <u>Hoy</u> and <u>Capriotti</u> cases.  For instance, an employer is not legally obligated to report suspected cases of abuse.  A teacher is. <u>See</u> 23 Pa. Cons. Stat. Ann. § 6311.  Further, conduct which might not seem outrageous if directed at an adult, could well seem outrageous if directed to a seven year old.   Indeed, in a

6

similar situation, another district court construing Pennsylvania law allowed a claim for intentional infliction of emotional distress based upon sexual harassment to survive a motion to dismiss.  In DiSalvo v. Lower Merion High School District, 158 F. Supp.2d 553, 563 (E.D. Pa. 2001), a former student brought suit against, among others, various school district officials and administrators.  The student claimed that these individuals had ignored her complaints that a coach had been sexually harassing her.  The district court denied a motion to dismiss, stating:

> ... the Defendants' assertion that the allegations of the Complaint do not rise to the requisite level of egregiousness is without merit.  As stated above, this tort requires outrageous conduct that would arouse resentment against the actor because his actions exceed all possible bounds of decency. ... While the School District Defendants are clearly not as culpable as Russell, their inactivity in the face of DiSalvo's repeated pleas for help constitute outrageous behavior.  While it may be that the evidence revealed through discovery will show otherwise, the allegations of the Complaint, and all reasonable inferences to be drawn therefrom, make out a case for intentional infliction of emotional distress against the School District Defendants.

DiSalvo, 158 F. Supp.2d at 563.

I find that the DiSalvo decision is of persuasive value.  At this procedural juncture, Ciuffoletti's alleged inaction in the face of repeated pleas for help from both K.R. and the Ruffs constitutes outrageous conduct.  As such, K.R. and the Ruffs have articulated viable claims for intentional infliction of emotional distress.  The Motion to Dismiss is denied in this respect.

**III. COUNT XXV - TITLE IX**

In Count XXV of the Complaint, K. R. contends that the School District violated

7

its duty under Title IX by failing to protect her from sexual harassment by fellow students.  The School District concedes that, in some situations, a school district which receives Title IX funding can be liable for peer sexual harassment. <u>See</u> Docket No. 3, p. 5, <u>citing</u>, <u>Davis v. Monroe County Bd. of Education</u>, 526 U.S. 629, 119 S. Ct. 1661 (1999).  Where the school district is "deliberately indifferent" to complaints of peer sexual harassment, i.e., when the response to the harassment is clearly unreasonable in light of the known circumstances, liability may exist.

Here, the School District insists that it did not have "actual notice" of the alleged harassment prior to the time during which the principal suspended the five main offenders, and thus cannot be liable under Title IX.  The School District's argument is premised upon the assumption that notice to a teacher (Ciuffoletti or presumably Ukasick) falls short of actual notice to the School District.  It has not cited to any case law in support of this notion or indeed engaged in any meaningful analysis of the issue.  At this procedural juncture, I am not prepared to adopt the proposition the School District offers.

The key inquiry here is whether "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge." <u>Gebser v. Lago Vista Indep. School District</u>, 524 U.S. 274, 290, 118 S. Ct. 1989, 1999 (1998).  Certainly, "[i]n most cases of student misbehavior it is the teacher, at least in the first instance, who has authority to punish the offender and remedy the harassment." <u>Hawkins v. Sarasota County School Board</u>, 322 F.3d 1279, 1285 (11th Cir. 2003) (discussing Justice Kennedy's dissent

8

in <u>Davis v. Monroe County Bd. Of Ed.</u>, 526 U.S. 629, 119 S. Ct. 1661 (1999)).  If the teacher does have the ability to initiate corrective action, then notice to the teacher would constitute actual notice to the school district.

At least two circuit courts have allowed for the possibility that, in cases of peer harassment, notice to a teacher about the harassment can constitute actual notice to the school district. <u>See</u> <u>Hawkins v. Sarasota County School Board</u>, 322 F.3d 1279 (11th Cir. 2003) and <u>Murrell v. School Dist. No. 1, Denver, Colorado</u>, 186 F.3d 1238, 1248 (10th Cir. 1999) (stating that "[i]t is possible that these teachers would also meet the definition of 'appropriate persons' for the purposes of Title IX liability if they exercised control over the harassers and the context in which the harassment occurred. Where the victim is complaining about a fellow student's action 'during school hours and on school grounds,' … teachers may well possess the requisite control necessary to take corrective action to end the discrimination.").  Apparently the Office of Civil Rights of the United States Department of Education ("OCR") has recognized as much as well.  As noted by the <u>Hawkins</u> court, the OCR has stated that a "responsible employee" for notice purposes of peer harassment includes "a principal, campus security, bus driver, <u>teacher</u>, affirmative action officer, or staff in the office of student affairs." <u>Hawkins</u>, 322 F.3d at 1287 (emphasis added), <u>citing</u>, <u>Revised Sexual Harassment Guidance: Sexual Harassment of Students by School Employees, Other Students, or Third Parties</u>, 66 Fed. Reg. 5,512 (Jan. 19, 2001), available at http://www.ed.gov/ocr/shguide.

Resolution of whether notice to a teacher can constitute actual notice to the

9

School District requires a fact-intensive inquiry. See Murrell, 186 F.3d at 1247 (recognizing that "[b]ecause officials' roles vary among school districts, deciding who exercises substantial control for the purpose of Title IX liability is necessarily a fact-based inquiry."). As the Hawkins court noted, "it would be necessary to examine how [Pennsylvania] organizes its public schools, the authority and responsibility granted by state law to administrators and teachers, the school district's discrimination policies and procedures, and the facts and circumstances" of this particular case. Hawkins, 322 F.3d at 1286. These issues have not been briefed. As such, at this juncture, I am unwilling to hold that notice to a teacher of peer sexual harassment which occurred on school grounds and during school hours cannot constitute actual notice to the School District. The Motion to Dismiss is denied.[2]

***********************************

---

[2] I do agree with the School District, however, that the Complaint as it currently reads does not, in contrast with Plaintiffs' assertion, suggest that Mrs. Ruff or K.R. herself contacted the principal about the sixth grade boy's behavior. As such, liability for the School District's alleged deliberate indifference to this incident would rest upon a demonstration that notice to "UKasick" about the incident constituted actual notice to the School District.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH and SHELLEY RUFF, as husband and wife and as parents and natural guardians of K.R., a minor, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  05-361 |
| MOUNT PLEASANT AREA SCHOOL DISTRICT, et al., | ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **19th** day of August, 2005, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that the Motion to Dismiss (Docket No. 2) is GRANTED in part.  Counts I and II are dismissed with prejudice.   The Motion (Docket No. 2) is DENIED in all other respects.

BY THE COURT:

S/ Donetta W. Ambrose

_____ Donetta W. Ambrose,
Chief U.S. District Judge

11